W. J. Robards et al. *v.* J. L. Mason and Wife.

Same *v.* Same.

**Landlord and Tenant—Double Rent—Notice to Quit.**
Where the only evidence of notice of intention to quit the premises, is that defendant told a neighbor that he intended to abandon the premises, it is not sufficient notice to the landlord of intention to quit as will bar the right to double rent.

**Forcible Entry and Detainer—Warrant Against Husband and Wife.**
Where a wife had the right to the rents and the use of premises, the trustee holding only the naked legal title, the warrants were properly issued in the name of the husband and wife.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 7, 1873.

Opinion by Judge Pryor:

These two causes were consolidated and heard together with separate judgment rendered in each case. The only error to appellants' prejudice is in rendering a judgment against them for double rent. There is no evidence in this record authorizing such a judgment. It is not shown that the appellants ever notified the appellees of their intention to surrender the premises, and although a writ of forcible detainer seems to have issued against the appellants in the name of the appellees before the term for the renting expired under the original contract, and a recovery of the possession had, still this is no evidence of their holding over from the first of January, 1871, until the 11th of February of the same year. Robards had rented the place for three years; he had occupied it for one year, one month, and eleven days. The appellees had recovered their judgment for rent up to the first of January, 1871, the end of the first year, and were entitled to rent from that time until the 11th day of February, 1871, upon the idea that there was some arrangement limiting the tenancy at that time; and that there was, this court must presume, as the possession was then recovered by the appellees under the warrant of forcible detainer. Whether or not this recovery made the appellants liable for double rent is the

question alone to determine. It is true that the judgment is conclusive as to the appellees' right to the possession, but the appellants made a lawful entry on the premises under the renting for three years, and may have agreed to cancel this contract and redeliver the possession at or about the time the proceedings for the recovery of the possession were commenced. The record is silent on this subject. The only evidence on the subject of notice is that he told some neighbor he intended to abandon the premises. This is not such a notice to the landlord of an intention to quit as would support the award to double rent.

It may be conceded that the reply to the counterclaim failed to deny that the appellees were to repair the buildings, etc., upon the leased premises; still, it was incumbent on the appellants to show the damages they had sustained by reason of their non-compliance with the contract. The evidence is that the appellees reduced the original renting from eight to six hundred dollars, and this was doubtless in consideration of the failure to repair. The proof is also conflicting as to the condition of the building, and at any rate the deduction of the two hundred dollars in the rent fully compensated the appellants for any loss they may have sustained. The warrants were properly issued in the name of Mason and wife. The wife had the right to the rents and to the use of the premises, the trustee holding only the naked legal title. The judgment is affirmed with damages in one case, and reversed and remanded in the other, for further proceedings consistent with this opinion.

*Rodman, H. M. Buckley, for appellants.*

*Drane, Allen, for appellees.*